IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3143-FL

| | |
|---|---|
| CHARLES ROBERT BAREFOOT; CHRISTIAN GATON; and RICHARD DANIEL HONEYCUTT, <br><br> Plaintiffs, <br><br> v. <br><br> NURSE DERRY; DR. GONZALEZ; CAMPOS; OFFICER HILL; SARAH REVELL; REARDON; CARLOS DUCHESNE; WARDEN BEELER; and FOUTCH, <br><br> Defendants. | ORDER ON MOTION TO DISMISS AND CASE MANAGEMENT ORDER |

This matter came before the court on the second motion to dismiss, or in the alternative, for summary judgment (DE # 38) filed by defendants Carlos Duchesne ("Duchesne"), Foutch,[1] Nurse Derry ("Derry"), Dr. Gonzalez ("Gonzalez"), and Officer Hill ("Hill"). Also before the court are these defendants' motion to stay discovery (DE # 37), as well as plaintiff's motion to amend and to reconsider the court's frivolity order (DE # 43), motion for the court to provide him a copy of the docket sheet (DE # 46), motion for production of documents (DE # 49), and motion for a temporary restraining order (DE # 50). These motions have been fully briefed and, in this posture, the issues raised are ripe for adjudication. Finally, where defendants' motion will be denied, the court uses this opportunity to enter an order governing discovery in this matter.

---

[1] Plaintiff identified this defendant as Falch. However, defendants have notified the court that the correct spelling of this defendant's name is Foutch.

## STATEMENT OF THE CASE

On August 19, 2009, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the above-stated defendants as well as defendants Campos, Sarah Revell ("Revell"), Reardon, and Warden Beeler ("Beeler"). Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment to the United States Constitution. Plaintiff also alleges that Foutch and Hill acted with deliberate indifference by denying him a bottom bunk assignment. Upon frivolity review, the court allowed plaintiff to proceed on his Fourteenth Amendment claim against Derry, Gonzalez, Duchesne, Foutch, and Hill, but dismissed as frivolous his claims against the remaining defendants.

On April 19, 2010, defendants filed a motion to dismiss or, in the alternative, for summary judgment, arguing that plaintiff's complaint should be dismissed because he failed to exhaust his administrative remedies. After the court denied this motion, defendants filed a second motion on October 20, 2010, now arguing that plaintiff failed to state a claim upon which relief may be granted. Alternatively, defendants argue that they are entitled to qualified immunity. Contemporaneously with their motion to dismiss, defendants filed a motion requesting a stay of discovery pending resolution of that second motion.

On November 22, 2010, plaintiff filed a motion to amend his complaint and for the court to reconsider its frivolity order. Between December 28, 2010, and March 9, 2011, plaintiff filed additional motions seeking a copy of the court's docket sheet, a temporary restraining order, and an order compelling production of documents.

2

## DISCUSSION

A.  Motion for Reconsideration and to Amend Complaint

Plaintiff requests that this court reconsider its denial of his motion for class certification and its dismissal of defendants Reardon, Campos, Beeler, and Revell from this action.[2] Plaintiff also seeks to amend his complaint pursuant to Rule 15, which provides that a plaintiff may amend his complaint after twenty-one days from service of a Rule 12(b) motion only with consent of the opposing party or leave of the court. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 425 (4th Cir. 2006) (en banc).

As previously noted in the court's earlier order addressing an earlier motion for reconsideration, the court finds no error in its denial of plaintiff's motion for class certification. Additionally, upon review of plaintiff's amended claims against defendants Campos, Revels, and Beeler, the court concludes that such amendment would be futile because plaintiff impermissibly seeks to hold them accountable under a theory of supervisory liability based solely upon their participation in the inmate grievance process. See Abdel-Aziz v. Johns, No. 5:07-CT-3095-FL, 2008 WL 4279696, at *3 (E.D.N.C. Sept. 15, 2008) ("[P]articipation in the administrative remedy procedure is not the type of personal involvement necessary to state a claim based upon supervisor liability."). To the extent plaintiff attempts to allege some sort of direct liability claim based upon these defendants' actions beyond participation in the grievance process, he has not provided

---

[2] Although plaintiff cites Rule 60(b) in his motion for reconsideration, the court has not entered judgment against the dismissed defendants pursuant to Rule 54(b). Accordingly, the order dismissing them is subject to revision at the court's discretion. See Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003); Doctor v. Seaboard Coast Line R.R. Co., 540 F.2d 699, 712 (4th Cir. 1976).

sufficient factual support for his claim. See White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (holding that even *pro se* prisoners must "allege with specificity some minimum level of factual support" to proceed past frivolity review).

The court does, however, find it necessary to reconsider its dismissal of defendant Reardon with respect to plaintiff's allegation that Reardon withheld medical treatment in order to coerce him to cooperate with the government. This allegation, if true, could support a deliberate indifference claim. Accordingly, Reardon must be reinstated as a defendant in this action. However, plaintiff's claim that Reardon violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA") may not proceed, because HIPAA does not provide for a private right of action. See Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006). As such, this claim is not reinstated.

In addition to reinstating his claim, plaintiff seeks to supplement his allegations against defendants Derry, Gonzalez, Duchesne, Foutch, and Hill. Defendants argue that the proposed amended complaint fails to state a constitutional claim and is therefore futile. Where plaintiff's motion to amend comes in response to defendant's motion to dismiss, the court will take up defendants' frivolity argument in the context of their second motion to dismiss. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995) (holding amendments are futile if they "could not withstand a motion to dismiss").

B.  Motion to Dismiss

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint

4

contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

2. Analysis

The standard for deliberate indifference under the Fourteenth Amendment is the same as under the Eighth Amendment. Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001). To state a claim for inadequate medical care under the Eighth Amendment, a plaintiff must show deliberate indifference to the serious medical needs of the prisoner. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference may be demonstrated by either an actual intent to cause harm, or reckless disregard to a substantial risk of harm known to defendant or apparent to a reasonable person in like position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990).

Defendants assert that they are entitled to qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials

5

"where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. In evaluating qualified immunity, a court initially may determine whether the plaintiff has alleged or shown a violation of a constitutional right before proceeding to determine whether that right was clearly established. See Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 818 (2009).

Defendants Derry, Gonzalez, Duchesne, Foutch, and Hill argue that plaintiff has not stated a Fourteenth Amendment claim for deliberate indifference. Specifically, they argue that plaintiff's allegations are not well plead under Rule 12(b)(6), and fail to state a plausible claim on its face. While the court agrees that plaintiff's complaint and amended complaint could have been better drafted, those documents contain allegations that defendants completely deprived him of medical care at times, and that on other occasions his pain medications were drastically reduced contrary to previous physician orders. Where the court must liberally construe the filings of *pro se* litigants, see Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), it concludes that plaintiff has adequately alleged a Fourteenth Amendment claim for deliberate indifference against these defendants.

Defendants Foutch and Hill also argue that plaintiff has failed to allege a Fourteenth Amendment claim for deliberate indifference based upon their alleged refusal to provide him with a bottom bunk assignment. These defendants assert, in part, that plaintiff's complaint does not contain any documentary proof that use of a bottom bunk bed was medically required or that he previously requested a bottom bunk pass. However, plaintiff does allege that he was refused a bottom bunk pass, despite the fact that he had one for the previous five years. Plaintiff states that a bottom bunk pass was needed for his pinched nerve condition. Construing plaintiff's allegations

6

liberally, the court finds that he is able to state a claim. Plaintiff was not required to attach to his complaint documentary evidence to support his claim.

Having concluded that plaintiff's allegations, construed liberally, are sufficient to assert a violation of the Fourteenth Amendment, the court must determine whether the right at issue was clearly established. See Pearson v. Callahan, 129 S.Ct. at 818. In determining whether the right at issue was clearly established, we must define "the right allegedly violated . . . at the appropriate level of specificity." Wilson v. Layne, 526 U.S. 603, 615 (1999). This does not mean that "the exact conduct at issue [must] have been held unlawful for the law governing an officer's actions to be clearly established." Amaechi v. West, 237 F.3d 356, 362 (4th Cir. 2001). Rather, the court's analysis must take into consideration "not only already specifically adjudicated rights, but those manifestly included within more general applications of the core constitutional principle invoked." Id. at 362-63 (internal quotation marks omitted). The right allegedly abridged is "clearly established" for qualified immunity purposes if

> [t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right. That is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citation omitted).

Here, petitioner alleges defendants violated his rights pursuant to the Fourteenth Amendment because they completely denied him medical care, reduced his pain medication in a manner inconsistent with standard medical protocol, and refused to assign him to a bottom bunk when such an assignment was medically necessary. It is a long established principle that the Fourteenth/Eighth Amendments prohibits prison officials from acting with deliberate indifference to an inmate's

7

serious medical needs. Estelle, 429 U.S. at 104. In light of this long-standing jurisprudence, the court is unable to conclude at this stage that defendants reasonably believed that they were not violating plaintiff's constitutional rights when they allegedly denied him medical treatment, reduced his pain medication in a manner inconsistent with medical protocol, and refused to assign him a bottom bunk when such an assignment was medically necessary. Because defendants cannot establish either prong of the qualified immunity test, the court finds that they are not entitled to dismissal on the grounds of qualified immunity at this time.[3]

Accordingly, where plaintiff's proposed amended complaint is not futile, his motion to amend is GRANTED. Defendants' motion to dismiss is consequently DENIED.

C.   Motion for a Temporary Restraining Order

To obtain a temporary restraining order, plaintiff must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (2008). Plaintiff has failed to demonstrate irreparable harm, or indeed any of the other requirements necessary to obtain injunctive relief. Therefore, plaintiff's motion is DENIED.

D.   Request for a Copy of the Court's Docket Sheet

Plaintiff requests a copy of his docket sheet. The court GRANTS plaintiff's request. However, plaintiff is cautioned that he must pay for any future copies of his docket sheet. Any future requests for a copy of his docket sheet in this case must be made directly to the Clerk of Court's office along with payment, at the rate of fifty cents ($.50) per page.

---

[3] Of course, where the court has adjudicated defendants' motion under Rule 12(b)(6), they remain free to raise their qualified immunity argument on summary judgment following further factual development.

E.   Defendants' Motion to Stay Discovery and Plaintiff's Motion to Compel

Defendants filed a motion to stay discovery until after the court rules on their second motion to dismiss. Where the court has adjudicated that motion, defendant's request to stay discovery is DENIED AS MOOT. Plaintiff's motion to compel is DENIED WITHOUT PREJUDICE, to allow plaintiff the opportunity to address his discovery issues with defendants following entry of a case management order, which will address discovery deadlines and procedures.

F.   Case Scheduling

After reviewing the record in this action and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the court enters the following scheduling order:

1. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **October 3, 2011**.

2. All discovery shall be commenced or served in time to be completed by **December 5, 2011**.

3. All motions shall be filed in compliance with Local Civil Rule 7.1.[4]

4. All motions, including dispositive ones, shall be filed by **January 6, 2012**.

This case management order shall not be modified except by leave of court upon a showing of good cause. Should the case remain pending after the conclusion of discovery and resolution of

---

[4] Local Civil Rule 7.1, provides in pertinent part the following: (1) "[a]ll motions shall be concise and shall state precisely the relief requested"; (2) "all motions made other than in a hearing or trial shall be filed with an accompanying supporting memorandum"; (3) "[a]ny party may file a written response to any motion"; (4) for non-discovery motions, "[r]esponses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question" unless the court directs otherwise; (5) for discovery motions, "responses and accompanying documents relating to discovery motions shall be filed within fourteen (14) days after service of the motion in question unless otherwise ordered by the court"; and (6) "[r]eplies to responses are discouraged. However . . . a party desiring to reply to matters initially raised in a response . . . shall file the reply within fourteen (14) days after service of the response, unless otherwise ordered by the court."

9

any dispositive motion(s), the court will then issue a separate order setting the trial date and any pre-trial procedures, or such other and further orders as the court deems appropriate.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for reconsideration (DE # 43) is GRANTED IN PART and DENIED IN PART. The motion for reconsideration is granted as to plaintiff's claim that Reardon denied him medical care to coerce him to cooperate with the government. The Clerk of Court is DIRECTED to serve defendant Reardon. The remainder of plaintiff's motion for reconsideration is DENIED.

Plaintiff's motion to amend his complaint (DE # 43) is GRANTED. Because the court granted plaintiff's motion to amend, where defendants have not demonstrated futility with regard to the proposed amended complaint or an entitlement to qualified immunity, defendants' second motion to dismiss (DE # 38) is DENIED.

Defendants' motion to stay discovery (DE # 37) is DENIED AS MOOT. Plaintiff's motion to compel (DE # 49) is DENIED WITHOUT PREJUDICE. Plaintiff's motion for a temporary restraining order (DE # 50) is DENIED.

Plaintiff's motion for the court to provide him with a docket sheet (DE # 46) is GRANTED, and the Clerk of Court is DIRECTED to send movant a copy of the docket sheet for this case. Plaintiff is cautioned that any future requests for a copy of his docket sheet in this case must be made directly to the Clerk of Court's office along with payment, at the rate of fifty cents ($.50) per page.

SO ORDERED, this the 11th day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge