IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3143-FL

| | |
|---|---|
| CHARLES ROBERT BAREFOOT; ) <br> CHRISTIAN GATON; and ) <br> RICHARD DANIEL HONEYCUTT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NURSE DERRY; DR. GONZALEZ; ) <br> CAMPOS; OFFICER HILL; SARAH ) <br> REVELL; REIRDINE; CARLOS ) <br> DUCHESNE; WARDEN BEELER; and ) <br> FOUTCH, ) <br> ) <br> Defendants. ) | ORDER |

This matter came before the court on plaintiff's motion for preliminary injunction (DE # 58), motion to amend (DE # 59), motion to proffer evidence (DE # 61), motion to compel (DE # 63), and motions to stay (DE #s 69 and 71). Also before the court is the motion to stay discovery (DE # 62) filed by defendants Carlos Duchesne ("Duchesne"), Foutch,[1] Nurse Derry ("Derry"), Dr. Gonzalez ("Gonzalez"), Reirdine, Carlos Duchesne ("Duchesne"), and Officer Hill ("Hill"). In this posture, the issues raised are ripe for adjudication.

Plaintiff requests a preliminary injunction ordering that Foutch and Officer Silvia Bowery stay no less than seventy-five (75) feet away from him at all times. A preliminary injunction is an extraordinary remedy which should not be granted unless there is a clear showing of both likely

---

[1] Plaintiff identified this defendant as Falch. However, defendants have notified the court that the correct spelling of this defendant's name is Foutch.

success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010). The United States Supreme Court has stated that the movant must establish the following to obtain a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); The Real Truth About Obama, Inc., 575 F.3d at 346. Plaintiff has failed to demonstrate irreparable harm, or any of the other requirements necessary to obtain injunctive relief. Therefore, plaintiff's motion is DENIED.

The court turns to defendants' motion to stay discovery. Defendants raised the defense of qualified immunity in this case. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526. Because defendants raised the defense of qualified immunity in their motion to dismiss, or in the alternative for summary judgment, and because their motion argues plaintiff failed to allege a constitutional violation, they are entitled to resolution of the issue prior to being subject to the burdens of litigation, including discovery. Accordingly, the court GRANTS defendants' motion to stay discovery. Because the court grants defendants' motion to stay discovery, plaintiff's motion to

2

compel is DENIED.

As part of their motion to stay discovery, defendants request that the court suspend the time upon which they must respond to plaintiff's pending motions until after the court rules upon their motion to dismiss or, in the alternative, for summary judgment. In support, defendants argue that plaintiff's motions will be mooted if the court grants their dispositive motion. Defendants, however, have not provided reasons why this court should refrain from ruling on these motions prior to ruling on their motion to dismiss or, in the alternative, for summary judgment. Accordingly, the court DENIES defendants' motion to stay as it relates to plaintiff's pending motions. Defendants are DIRECTED to respond to plaintiff's pending motions within fourteen (14) days of this order.

Finally, the court turns to plaintiff's motions to stay the proceedings. Plaintiff argues the action should be stayed because he was transferred to Piedmont Regional Jail in Farmville, Virginia and does not have access to his legal materials. Specifically, plaintiff states that he does not have a copy of defendants' motion for summary judgment or this court's Local Rules of Practice and Procedure. The Clerk of Court is DIRECTED to send plaintiff a copy of defendants' pending motion for summary judgment and a copy of this court's Local Rules of Practice and Procedure. Although plaintiff requests that the action be stayed until his legal property is returned, he has not stated how his legal materials are necessary to respond to defendants' motion. Accordingly, plaintiff's motion to stay is DENIED. Plaintiff is DIRECTED to respond to defendants' motion within twenty-one (21) days of this order.

In summary, the court rules as follows:

(1) Plaintiff's motion for a preliminary injunction (DE # 58), motion to compel (DE # 63), and motions to stay (DE # 69 and 71) are DENIED. Plaintiff must respond to

3

defendants' motion to dismiss or, in the alternative, for summary judgment, within twenty-one (21) days of this order.

(2) Defendants' motion to stay discovery and pending motions (DE # 62) is GRANTED as to defendants' request to stay discovery, but DENIED as to their request to suspend their responses to plaintiff's pending motions. Defendants must file their response to plaintiff's pending motions within fourteen (14) days of this order.

(3) Plaintiff's motion to amend (DE # 59) and motion to proffer evidence (DE # 61) are held in abeyance until defendants' file their response.

(4) The Clerk of Court is DIRECTED to send plaintiff a copy of defendants' pending motion for summary judgment and a copy of this court's Local Rules of Practice and Procedure.

SO ORDERED, this the 17th day of November, 2011.

_____
LOUISE W. FLANAGAN
United States District Judge

4