IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3143-FL

| | |
|---|---|
| CHARLES ROBERT BAREFOOT; CHRISTIAN GATON; AND RICHARD DANIEL HONEYCUTT,<br><br>Plaintiffs,<br><br>v.<br><br>NURSE DERRY; DR. GONZALEZ; CAMPOS; OFFICER HILL; SARAH REVELL; DR. REARDON;[1] CARLOS DUCHESNE; WARDEN BEELER; AND FOUTCH[2],<br><br>Defendants. | ORDER |

This matter comes before the court on plaintiff's motion for reconsideration, which this court will construe as a motion to amend or alter the court's March 23, 2012, judgment, pursuant to Federal Rule of Civil Procedure 59(e)[3] (DE # 97). The matter is ripe for adjudication. For the following reasons, the court denies plaintiff's motion.

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion

---

[1] The party plaintiff identified as Reirdine has informed the court that the correct spelling of this defendant's name is Reardon. The court hereinafter will refer to this defendant as Reardon.

[2] The party plaintiff identified as Falch has informed the court that the correct spelling of this defendant's name is Foutch. The court hereinafter will refer to this defendant as Foutch.

[3] To the extent plaintiff requests an extension of time to file his Rule 59(e) motion, no such extension is necessary as the motion was timely filed. See Fed.R.Civ.P. 59(e).

of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Plaintiff's Rule 59(e) motion focuses on his contention that the court wrongfully denied his motion for a continuance to conduct additional discovery. The court denied plaintiff's motion for a continuance because he failed to demonstrate that additional discovery would develop evidence crucial to material issues before the court. Plaintiff still has not met this burden. Rather, he makes conclusory allegations that additional discovery "would have proven beyond a reasonable doubt a genuine issue against any and all defendants." Pl.'s Rule 59(e) Mot. p. 4. This is insufficient to grant relief under any of the three reasons identified above. Thus, the court declines to exercise its authority pursuant to Rule 59(e) to grant relief as to this issue.

Plaintiff additionally seeks reconsideration of the court's March 23, 2012, denial of his motion to amend. Plaintiff argues that the court denied his motion because he failed to move to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). However, the record reflects that plaintiff's motion to amend was denied pursuant to Federal Rules of Civil Procedure 18(a) and

2

20(a), and due to the substantial prejudice defendants would have faced had the court allowed plaintiff to amend his complaint. Thus, the court also declines to exercise its authority pursuant to Rule 59(e) to grant relief as to this issue.

Next, plaintiff mistakenly asserts that the court analyzed his claim as if he were a convicted inmate. However, the court, in its March 23, 2012, order, clearly analyzed plaintiff's conditions of confinement claims pursuant to the Fourteenth Amendment to the United States Constitution,[4] which is the appropriate standard to evaluate a pretrial detainee. Thus, the court declines to exercise its authority pursuant to Rule 59(e) to grant relief as to this issue.

Finally, plaintiff alleges that his ability to effectively litigate this action was hindered because his legal materials were confiscated and because he was transferred from the Federal Correctional Institution in Butner, North Carolina on April 29, 2011. However, the record belies plaintiff's claim in that plaintiff submitted highly detailed and comprehensive filings in this action citing to various previously filed documents, affidavits, and motions in the record. Moreover, the court on more than one occasion sent plaintiff copies of pleadings he requested. As for the remainder of petitioner's motion, it is an attempt to re-argue the merits of his dismissed claims, which is not sufficient for relief pursuant to Rule 59(e). DeLong, 790 F. Supp. at 618.

Based upon the foregoing, plaintiff fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would

---

[4] The court notes that confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment of the United States Constitution. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). However, as a practical matter, the contours of the Due Process Clause are coextensive with the substantive constitutional principles applied by the Eighth Amendment to convicted inmates. See Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997), abrogated on other grounds by, Wilkins v. Gaddy, 130 S.Ct. 1175 (2010); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992).

3

support granting his Rule 59(e) motion. Accordingly, plaintiff's Rule 59(e) motion (DE # 97) is DENIED.

SO ORDERED, this the 6th day of May, 2012.

LOUISE W. FLANAGAN
United States District Judge